IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW SWANNER MCGAHEY, TDCJ #426071, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-3343 |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

### ORDER

State inmate Andrew Swanner McGahey (TDCJ #426071) has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge both his underlying conviction and the calculation of his sentence. The respondent's answer is due on March 7, 2007. Pending before the Court are motions by McGahey for leave to amend or supplement his petition. (Docs. # 10, # 12). In a separate pleading, McGahey has also requested a telephone conference on his pending motions for leave to amend or supplement. (Doc. # 11). For reasons set forth briefly below, the motions are denied.

According to the pleadings, McGahey is presently in custody as the result of a judgment of conviction entered against him in the 16th District Court of Denton County, Texas, on July 3, 1986, in cause number 19,449. A jury convicted McGahey in that case following a trial on aggravated sexual assault charges. McGahey received a sentence of thirty-five years in prison. That conviction was affirmed on direct appeal, *McGahey v. State*,

744 S.W.2d 695 (Tex. App.— Fort Worth 1988), and the Texas Court of Criminal Appeals refused his petition for discretionary review on December 1, 1988.

On December 23, 1998, McGahey was released on parole. McGahey insists that his thirty-five year prison sentence expired upon his release because his calendar time plus his good-time credit equaled thirty five years on that date. Nevertheless, McGahey was arrested on September 18, 2002, for violating the technical terms of his supervised release. His parole was revoked on November 22, 2002, and he returned to TDCJ on December 17, 2002. Upon his return to prison, McGahey apparently learned that his sentence had not expired because, under Texas law, he forfeited any calendar time that accrued while he was on parole and all of his previously earned good-time credit as the result of his parole revocation. McGahey remains incarcerated at the Pack Unit in Navasota, Texas.[1]

McGahey executed the pending federal habeas corpus petition on October 10, 2006. In that petition, which is accompanied by a supplemental memorandum, McGahey complains that the forfeiture of his previously earned good-time credit has extended his sentence unlawfully and that the jury at his original trial was not allowed to consider this issue when it imposed his sentence. (Docs. # 1, # 2). Thus, McGahey contends that he is entitled to relief from his conviction and sentence for the following reasons: (1) the jury that imposed the thirty-five year prison sentence was not instructed that forfeited good-time credit would

---

[1] The petitioner was convicted of his underlying offense in Denton County, Texas. Because the petitioner is incarcerated within this district, however, this Court has jurisdiction over his pending petition. *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

not count toward "the diminution of his sentence"; (2) the forfeiture of good-time credit constitutes an "upward departure" in his sentence in violation of the Sixth Amendment to the United States Constitution because the jury did not "determine beyond a reasonable doubt all facts legally essential to his sentence"; (3) his continued incarceration as the result of the forfeited good-time credit violates the Separation of Powers doctrine found in the United States Constitution and the Sixth Amendment right to a jury trial because his sentence exceeds the amount that the jury imposed; and (4) by forfeiting his previously earned good-time credit, the State has unlawfully lengthened his sentence in violation of due process and the prohibition against ex post facto laws.

McGahey now seeks leave to add a new theory by weaving allegations of a double jeopardy violation into three of the above-referenced grounds for relief. According to information supplied in the original petition and supporting memorandum, however, the double jeopardy theory that McGahey now seeks leave to assert was not presented for review in the state courts. This means that McGahey has not exhausted his state court remedies with regard to this proposed theory as required by 28 U.S.C. § 2254(b).[2] The Court concludes, therefore, that the amendment would be futile. *See J.R. Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Alternatively, McGahey has had ample opportunity to present his claims. McGahey's attempt to amend or supplement at this late date is dilatory and

---

[2] To exhaust state remedies, a habeas corpus petitioner must fairly present the substance of his claim to the state courts. *Picard v. Conner*, 404 U.S. 270, 275-76 (1971). The exhaustion requirement is not met if the petitioner presents new legal theories or factual claims in his federal habeas corpus petition. *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982).

would unduly delay these proceedings.

Accordingly, it is **ORDERED** that McGahey's motions to amend or supplement his petition and his motion for a telephone conference (Docs. # 10, # 11, # 12) are **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas on February 22, 2007.

_____
Nancy F. Atlas
United States District Judge